UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
GIULIO MUSTO, *et al.*

                Plaintiff,                   O R D E R

    -against-                            03-CV-2325 (DGT)(RML)

TRANSPORT WORKERS UNION OF
AMERICA, AFL-CIO, *et al.*,

                Defendants.
---------------------------------------------------------------X
LEVY, United States Magistrate Judge,

        Plaintiffs move to preclude the cross-examination deposition testimony of non-party witness Albert Gil. For the reasons explained below and at a status conference held on January 9, 2009, the motion is denied.

## BACKGROUND

        Albert Gil is a former officer of defendant Transport Workers Union of America, AFL-CIO, Local 501 ("Local 501") and a former employee of defendant American Airlines. He was deposed at the offices of plaintiffs' counsel on June 26, 2008. Counsel for the International Union, Joseph J. Vitale, attended the deposition. (Counsel for Local 501 was not present.) Plaintiff's counsel completed his direct examination at 1:38 p.m. Because Mr. Gil had to leave by 2:00, counsel for the International Union requested an adjournment to a new date to conduct the cross. The parties agreed to a mutually convenient date.

        On July 10, 2008, Mr. Gil appeared for cross-examination at Mr. Vitale's office. According to plaintiffs, Mr. Gil's testimony changed considerably from his direct deposition testimony. Plaintiffs claim that "between June 26 and July 10 Mr. Gil met with the International Union's Counsel and discussed issues and a critical document" about which he had already been examined by plaintiffs' counsel. They maintain that "in Mr. Gil's July 10 cross-examination

testimony there was a profound change in his recall and his ability to discuss the document. . . ." (Letter of Robert S. Nayberg., Esq., dated Aug. 21, 2008.)

Plaintiffs argue that it was inappropriate for the International Union's counsel to meet and confer with Mr. Gil while his deposition was essentially still in progress. They point out that Mr. Gil is not a party to this case and is not represented by Mr. Vitale. Because "Mr. Gil's cross-examination testimony was fatally tainted," plaintiffs move for an order preventing defendants from using the cross-examination testimony.

Counsel for the International Union denies any interference or coaching. According to Mr. Vitale, any changes in Mr. Gil's testimony are a reflection of his more "focused" approach to questioning and his "unwillingness to accept vague recollections and speculation by Gil." (Letter of Joseph J. Vitale, Esq., dated Sept. 4, 2008.) Although he does not deny that he met with Mr. Gil prior to the cross-deposition and reviewed documents with him, Mr. Vitale maintains that plaintiff's counsel did the same thing with respect to plaintiff Musto's deposition by reviewing Musto's testimony with him and changing some of his answers in an errata sheet.[1] (Id.)

### DISCUSSION

It is well settled that it is inappropriate for an attorney to influence or coach a witness during a deposition. See Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co., Inc., 201 F.R.D. 33, 40 (D. Mass. 2001) (stating that an attorney may not "interpret" questions for a deponent, coach him or her as to how to answer, leave the room with a deponent while a question is pending, confer with a deponent while a question is pending, or engage in lengthy speaking objections and colloquies); McDonough v. Keniston, 188 F.R.D. 22, 24 (D.N.H. 1998) ("Speaking objections and coaching objections are simply not permitted in depositions in federal cases."); Hall

---

[1] As plaintiffs' counsel points out, this is of no moment, since Rule 30(e) allows any witness to review his or her deposition transcript and make changes.

v. Clifton Precision, 150 F.R.D. 525, 528 (E.D. Pa. 1993) ("The witness comes to the deposition to testify, not to indulge in a parody of Charlie McCarthy, with lawyers coaching or bending the witness's words to mold a legally convenient record.").[2] See also Phinney v. Paulshock, 181 F.R.D. 185, 207 (D.N.H. 1998) ("If an attorney engages in a pattern of behavior that he either knows or should know is improper, he depletes the reservoir of trust between attorneys, undermines the collegiality necessary to the efficient and amicable resolution of disputes, and unnecessarily requires court supervision of discovery."), aff'd, 199 F.3d 1 (1st Cir. 1999); Van Pilsum v. Iowa State Univ. of Science & Tech., 152 F.R.D. 179, 181 (S.D. Iowa 1993) ("Merely because depositions do not take place in the presence of a judge does not mean lawyers can forget their responsibilities as officers of the court. They should conduct themselves accordingly.").

In addition, the local rules prevent an attorney from initiating a private conference with his or her client during a deposition. See Local Civil Rule 30.6 ("An attorney for a deponent shall not initiate a private conference with the deponent during the actual taking of a deposition, except for the purpose of determining whether a privilege should be asserted.") Although the rule applies to party and non-party witnesses alike, it clearly contemplates that the attorney be acting as counsel for the witness. In this case, Mr. Vitale was not representing Mr. Gil. Apparently, then, this rule does not apply here.[3] Of course, since Mr. Vitale was not acting as counsel to Mr. Gil,

---

[2] Plaintiffs cite Hall exclusively. In Hall, the plaintiff's attorney interrupted the deposition to confer privately with his client. The court, citing, *inter alia*, Eastern District Local Rule 30.6, held that private conferences between deponents and their attorneys during the taking of a deposition are improper unless the conferences are for the purpose of determining whether a privilege should be asserted.

[3] In addition, consultation between counsel and a witness at a deposition raises questions only when the consultation is initiated by counsel. "A witness is generally free to consult with counsel at any time during a deposition." Okoumou v. Horizon, No. 03 Civ. 1606, 2004 WL 2149118, at *2 (S.D.N.Y. Sept. 23, 2004). In the instant case, the court does not know who initiated the meeting between Mr. Gil and Mr. Vitale.

plaintiffs' counsel was – and continues to be – free to question him about the details of their meeting, as no attorney-client privilege applies.[4]

Although no rule appears to speak to this issue directly, two principles are instructive. The first is that the Federal Rules give the court control over the discovery process and the authority to "set[] limitations on discovery" and "determin[e] other such matters . . . as are necessary for the proper management of discovery." Fed. R. Civ. P. 26(f). The second is that the Local Civil Rules concerning depositions are designed to insure that deposition testimony "is completely that of the deponent, rather than a version of that testimony which has been edited or glossed by the deponent's lawyer." Hall, 150 F.R.D. at 527.

In this case, Mr. Vitale has not engaged in conduct that would warrant the sanction of preclusion. On the other hand, plaintiffs are entitled to explore this issue further and to question Mr. Gil – either in another deposition or at trial – about his meeting with Mr. Vitale and why his testimony changed on cross-examination.[5] Accordingly, the motion is denied.

SO ORDERED.

Dated: Brooklyn, New York
January 9, 2009

_____
ROBERT M. LEVY
United States Magistrate Judge

---

[4] Such questioning could theoretically be prohibited by the work product doctrine, as it might be deemed to seek the mental impressions, opinions and theories of defendants' counsel. However, no such argument has been raised.

[5] The parties advise that plaintiffs' counsel has already questioned the witness further on his conversations with Mr. Vitale. To the extent further questioning is reasonable or necessary, plaintiffs' counsel has leave to do so.